UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD SHAW,                                         CASE NO.

    Plaintiff,

vs.

RING POWER CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, EDWARD SHAW, hereby sues Defendant, RING POWER CORPORATION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under §§440.205, Florida Statutes. This action is also brought under the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624 and Title VII, 42 U.S.C. §12101 et seq. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

**THE PARTIES**

3. At all times pertinent hereto, Plaintiff, EDWARD SHAW, has been a resident of Leon County in the State of Florida. He was employed with Defendant at all times pertinent hereto in Midway, Gadsden County, Florida and is *sui juris*.

4. At all times pertinent hereto, Defendant, RING POWER CORPORATION, has been organized and existing under the laws of the state of Florida. At all times pertinent hereto, Defendant was an employer as that term is used under the laws set forth above.

**STATEMENT OF THE ULTIMATE FACTS**

5. Plaintiff was originally employed with Defendant in September 2010 as a Service Tech II. Plaintiff performed the terms and conditions of his employment until he was wrongfully terminated on or around December 7, 2011.

6. On or around September 15, 2011, Plaintiff was injured while working on a piece of machinery that almost caught on fire. While trying to get the situation under control, Plaintiff caused severe injury to his knee. Consequently, he filed a claim for compensation and benefits under Chapter 440, Florida Statutes.

7. Instead of allowing Plaintiff to take leave due to his work related injury, he was told that he had to exhaust his time under the FMLA. While on leave but before the expiration of his leave under the FMLA, Defendant asked Plaintiff whether he would be back to work either within the FMLA leave time or within 30 days thereafter, which would have been an extension of the FMLA leave for 30 days, which leave could have been authorized under the Defendant's police. Plaintiff advised the Defendant that he was scheduled for

2

another surgery and would have to confer with his physician. Defendant, however, demanded that Plaintiff tell Defendant that day, prior to the expiration of Plaintiff's FMLA leave, whether he could return to work within the FMLA time, which Plaintiff was unable to do without consulting with his physician. He was fired immediately thereafter, on the spot, before the expiration of his FMLA leave. Plaintiff never had the chance to request the 30 day extension of the FMLA leave because he was fired before having the opportunity to do so.

8. Plaintiff has retained the undersigned to represent his interests in this case and is obligated to pay her a reasonable fee for her services. Defendant should be required to pay said fee and all costs associated with this case under the ADA, Chapter 760, Florida Statutes and the FMLA.

**COUNT 1**
**HANDICAP/DISABILITY DISCRIMINATION**

9. Paragraphs 1-8 are incorporated herein by reference.

10. This is an action against Defendant for discrimination based on handicap and/or disability discrimination or Defendant's perception of Plaintiff as being disabled/handicap.

11. Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicap/disability or Defendant's perception of Plaintiff as handicap/disabled, terminated him and took other action against him leading up to his termination.

3

12. There is no legitimate reason that has been nor can there be any legitimate reason for the treatment of Plaintiff.

13. Defendant knew or should have known of these conditions as well because Plaintiff challenged them with supervisors within Defendant and officials within Defendant perpetuated the actions and inactions against Plaintiff. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

14. Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff which resulted, in part, in Plaintiff's termination.

15. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

16. As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future.

17. Plaintiff is entitled to punitive damages.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

18. Paragraphs 1-8 are incorporated herein by reference.

19. This is an action against Defendant for failing to comply with its obligations to Plaintiff under the FMLA and for terminating Plaintiff due to his request for and taking leave and/or for his need for leave under the FMLA. This is both an interference and retaliation claim under the FMLA.

20. Plaintiff availed himself of a right protected by the FMLA by requesting and/or taking leave due to a serious medical condition. He was terminated thereafter.

21. Plaintiff worked for Defendant for more than one year and for more than 1,250 hours prior to requesting and/or leave. Defendant also employs more than 50 employees and is subject to the FMLA. Plaintiff's rights to leave were violated under the FMLA. Defendant took adverse personnel actions against him for requesting and/or taking leave.

22. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting and/or obtaining leave.

23. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment and other tangible damages.

24. Defendant's violations of the FMLA were willful.

5

## COUNT III
## RETALIATION - §440.205

25. Paragraphs 1-8 are realleged and incorporated herein by reference.

26. This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to the provisions of Chapter 440, Florida Statutes.

27. Plaintiff was employed with Defendant when he was injured on the job and he attempted to obtain compensation and benefits under Chapter 440, after which he was the victim of retaliation.

28. Defendant retaliated against Plaintiff for his valid claim for compensation under Chapter 440 and because of the exercise of his rights thereunder.

29. Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to worker's compensation benefits under the laws of the State of Florida.

30. As a direct and proximate cause of Defendant's acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job.

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 12th day of February, 2013.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:     (850) 383-4800
Facsimile:      (850) 383-4801
Email: marie@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:     (850) 383-4800
Facsimile:      (850) 383-4801
Email: marie@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF